UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SUSIE G.,

                          Plaintiff,                    **DECISION AND ORDER**

                v.                                      1:19-CV-00540 EAW

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

_____

## INTRODUCTION

Represented by counsel, plaintiff Susie G. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 16; Dkt. 23), and Plaintiff's reply (Dkt. 24). For the reasons discussed below, Plaintiff's motion (Dkt. 16) is granted in part, the Commissioner's motion (Dkt. 23) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed for SSI and DIB on September 16, 2011. (Dkt. 7 at 373, 637-643, 644-650).[1]  In her applications, Plaintiff alleged disability beginning October 1, 2006. (*Id.* at 373, 637, 644).  Plaintiff's applications were initially denied on January 31, 2012. (*Id.* at 503, 504).  An unfavorable decision was issued by an administrative law judge ("ALJ") on December 24, 2013. (*Id.* at 373, 510-515).  Plaintiff requested review by the Appeals Council, who on July 2, 2015, vacated the December 24, 2013 decision and remanded Plaintiff's case. (*Id.* 373, 521-23).  At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Sharon Seeley on May 11, 2017, with Plaintiff appearing in Jamestown, New York, and the ALJ presiding over the hearing from Buffalo, New York. (*Id.* at 444-501).  On January 8, 2018, the ALJ issued an unfavorable decision. (*Id.* at 373-391).  Plaintiff requested Appeals Council review; her request was denied on February 27, 2019, making the ALJ's determination the Commissioner's final decision. (*Id.* at 8-11).  This action followed.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera*

---

[1]    When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

*v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.  <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not

have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

- 4 -

# DISCUSSION

## I.       The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2012.  (Dkt. 6 at 377).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since October 1, 2006, the alleged onset date.  (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: major depressive disorder with psychotic features, anxiety disorder, borderline personality disorder, degenerative disc disease and facet joint arthopathy, L1 compression fracture deformity, lower extremity peripheral neuropathy, and Raynuad's diease.  (*Id.*).  The ALJ further found that Plaintiff's medically determinable impairments of overactive bladder, post-gastric bypass syndrome with iron deficiency anemia, obesity, substance abuse dependency, vision impairment (blurry vision), status post fractured right humerus with ORIF procedure in October 2016, and seizure spells were non-severe.  (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.* at 379).  The ALJ particularly considered the criteria of Listings 1.04, 11.14, 14.04, 12.03, 12.04, 12.06, and 12.08 in reaching this conclusion.  (*Id.* at 379-382).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that:

> [Plaintiff] can occasionally balance stoop, kneel, crouch, crawl or climb
> ramps or stairs, but can never climb ladders, ropes or scaffolds.  She can

frequently feel with the bilateral upper extremities.  [Plaintiff] can work in an environment with no concentrated exposure to extreme heat or cold and no exposure to smoke, fumes or other pulmonary irritants or to hazards such as unprotected heights or moving machinery.  [Plaintiff] can perform work that would allow her to alternate after sitting one hour to standing five minutes and after standing or walking 30 minutes to sitting five minutes. Further, [Plaintiff] can perform unskilled (SVP 1 or 2) work in a low stress environment (meaning one with no supervisory responsibilities; no independent decision making required except with respect to simple, routine work related decisions; no work at production rate pace; and minimal changes in work routines, processes or settings).

(*Id.* at 382).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 389).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of officer helper, cashier II, and information clerk.  (*Id.* at 390).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.*).

## II.     Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, to remand this matter to the Commissioner, arguing that the ALJ's RFC finding is unsupported by substantial evidence because: (1) the Appeals Council improperly rejected new and material evidence; (2) the ALJ misapplied the "Five Day Rule" (*see* 20 C.F.R. §§ 404.935(a), 416.1435(a)) in rejecting evidence submitted post-hearing; and (3) the ALJ improperly weighed the medical source opinions.  (Dkt. 16-1).  The Court has considered each of these arguments

and, for the reasons discussed below, finds that the Appeals Council erred in rejecting evidence submitted by Plaintiff, and that this error necessitates remand for further administrative proceedings.

**A.    Appeals Council Review**

Following her administrative hearing, Plaintiff submitted additional evidence to the Appeals Council.  The evidence included an independent internal medical evaluation from Thomas Artim, M.D., dated October 1, 2018; medical records from Excelsior Orthopedics dated July 30, 2018, through September 17, 2018; and medical records from Jeffrey Menoff, D.D.S, P.C., dated August 22, 2018, through January 2, 2019.  The Appeals Council concluded that this group of records post-dated the ALJ's January 8, 2018 decision, did not relate to the period at issue, and did not affect the decision of whether Plaintiff was disabled on or before January 8, 2018.  (Dkt. 6 at 9).  In addition, Plaintiff submitted medical records from her treating physician, James E. Wild, M.D., dated March 21, 2017, through January 28, 2019; and medical records from TLC Lakeshore Hospital dated February 13, 2017, through January 11, 2019.  The Appeals Council found that this second group of records did "not show a reasonable probability that it would change the outcome of the decision."  (Dkt. 6 at 9).

The Appeals Council must consider "new" and "material" evidence if it "relates to the period on or before the date of the administrative law judge hearing decision" and there is "reasonable probability that the additional evidence would change the outcome of the decision."   20 C.F.R. §§ 404.970(a)(5); 416.1470(a)(5).   If "the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence,

then the case should be reversed and remanded." *Webster v. Colvin*, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016).

To the extent that the Appeals Council summarily rejected portions of the evidence submitted by Plaintiff solely because the records post-dated the ALJ's decision, the Appeals Council erred as a matter of law because "[a]dditional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." *Hightower v. Colvin*, No. 12-CV-6475, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) (citing *Brown v. Apfel*, 174 F.3d 59, 64-65 (2d Cir. 1999)); *Fairweather v. Comm'r of Soc. Sec.*, No. 18-CV-181-JWF, 2019 WL 4643585, at *4 (W.D.N.Y. Sept. 24, 2019) (holding it insufficient for Appeals Council "to have summarily rejected treatment records from plaintiff's therapist from March 2017 to June 2017 simply because they were about a later time, without analyzing whether the substance of the opinions was related to plaintiff's pre-hearing medical deficits.").

Here, for example, the records from Excelsior Orthopedics, dated July 30, 2018, and September 17, 2018 (Dkt. 6 at 21-27), were treatment records for Plaintiff's right shoulder pain, an impairment the ALJ considered and concluded was non-severe. At Plaintiff's July 30, 2018 visit, David Pula, M.D., concluded that the stiffness and pain in Plaintiff's right shoulder were "likely a result of [Plaintiff's] prior proximal humerus fracture and associated stiffness," and gave Plaintiff a cortisone injection. (*Id.* at 23). At her September 17, 2018 visit, Dr. Pula discussed surgical treatment of the shoulder, which would include arthroscopic capsular release with lysis of adhesions, subacromial decompression and

manipulation under anesthesia and indicated that he would schedule Plaintiff for such surgery. (*Id.* at 27). These appointments post-date the ALJ's decision by approximately six to eight months and relate to her status post fractured right humerus. Records from Plaintiff's primary care physician, Dr. Wild, confirm the right shoulder surgery scheduled for January 10, 2019. (Dkt. 6 at 151). Accordingly, the evidence at issue relates to the relevant time period.

The records "were also material in the sense that, if considered by the Appeals Council, they would have undermined key aspects of the ALJ's decision." *Wilbon v. Colvin*, No. 15-CV-756-FPG, 2016 WL 5402702, at *6 (W.D.N.Y. Sept. 28, 2016). "Courts throughout the Second Circuit have held that evidence of a post-decision surgery may be relevant and material to whether a claimant was previously disabled." *Id.*; *see also Balke v. Barnhart*, 219 F. Supp. 2d 319, 321-22 (E.D.N.Y. 2002) (remanding for consideration of new evidence showing that plaintiff underwent three surgeries subsequent to date of ALJ's decision); *Clemons v. Astrue*, No. 12-CV-269, 2013 WL 4542730, at *7 (W.D.N.Y. Aug. 27, 2013) (remanding for consideration of new evidence consisting of plaintiff's arthroscopic surgery subsequent to date of ALJ's decision).

In her decision, the ALJ concluded that Plaintiff's status post fractured right humerus was a non-severe impairment. The ALJ noted that following her surgery in October 2016, Plaintiff was given an "excellent prognosis" and her pain was well managed with medication. (Dkt. 6 at 379). Importantly, the ALJ concluded that "the medical record therefore does not document any continuing limitations due to this injury that have lasted 12 months to satisfy the requirements for severity." (*Id.*). But the records from Dr. Pula

contradict this conclusion, confirm the continuing nature of Plaintiff's shoulder pain, and at least call into question the factual predicate for the ALJ's finding that it was a non-severe impairment.   In other words, the ALJ's conclusion that the lack of any continuing limitations due to the injury that lasted 12 months to satisfy the requirements for severity is undermined by Dr. Pula's records and Plaintiff's apparent need for surgery.   Moreover, the RFC articulated by the ALJ did not contain any restrictions or reaching limitations relating to Plaintiff's right shoulder, nor do the jobs identified by the ALJ as available to Plaintiff contain such limitations, conclusions that may be called into question were Plaintiff's shoulder injury deemed severe.   Accordingly, remand on this basis is warranted. *See, e.g., Steven N. v. Berryhill*, No. 1:17-cv-00427, 2018 WL 6629681, at *10 (W.D.N.Y. Dec. 19, 2018) (remand necessary to consider new evidence consisting of doctor's opinion that plaintiff's condition deteriorated and required further surgery because it undermined ALJ's determination that plaintiff's improvement was inevitable); *Wilbon*, 2016 WL 5402702, at *6 (remand necessary to consider new evidence consisting of doctor's report which documented plaintiff's subsequent surgery and worsening condition because it confirmed "[p]laintiff's hearing testimony and undermine[d] the ALJ's credibility analysis"); *Clemons*, 2013 WL 4542730, at *7 (remand necessary to consider new evidence consisting of MRI reports and subsequent arthroscopic surgery because such evidence sheds new light on seriousness of plaintiff's condition).

        In addition, even were the records post-dating the ALJ's decision be deemed too remote in time to be considered, Plaintiff also submitted records to the Appeals Council relating to her right shoulder that pre-date the January 8, 2018 decision.   Physical therapy

records from December 2017 were submitted that assess Plaintiff as having "pain, decreased range of motion, strength and functional use of the right upper extremity status post right proximal humerus ORIF." (Dkt. 6 at 37). Again, these records were new and material to the ALJ's determination that plaintiff's right shoulder impairment was nonsevere for not meeting the durational requirement, and serve to further corroborate the need for remand.

Accordingly, based on the record before the Court, the Court cannot conclude with certainty that there is no reasonable probability that the records submitted to the Appeals Council would not have changed the outcome of the decision.

### B. Plaintiff's Remaining Argument

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Samantha D. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1280 (ATB), 2020 WL 1163890, at *10 (N.D.N.Y. Mar. 11, 2020) (declining to reach arguments concerning whether ALJ's findings were supported by substantial evidence where the court had already determined that remand was necessary as the ALJ failed to consider the opinion of treating physician, which was received in compliance with the Five Day Rule); *Raymond v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 232, 240-41 (W.D.N.Y. 2019) (declining to reach argument concerning whether RFC was supported by substantial evidence where the court

had already determined the ALJ had erred at step three analysis in evaluating whether plaintiff had met the requirements under a listing).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 16) is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The Commissioner's motion for judgment on the pleadings (Dkt. 23) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.


ELIZABETH A. WOLFORD
United States District Judge

Dated:        February 1, 2021
              Rochester, New York